UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Lee CLARK, Defendant-Appellant.

No. 73-2075.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 6, 1974.

Decided July 11, 1974.

———◆———

F. Randall Karfonta, Federal Defender Office, Detroit, Mich., for defendant-appellant.

Gordon S. Gold, Asst. U. S. Atty., for plaintiff-appellee; Ralph B. Guy, U. S. Atty., Detroit, Mich., on brief.

Before CELEBREZZE and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

This appeal requires us to decide whether the district court erred when it held that an eyewitness' in-court identification of appellant as the armed robber of a federally insured savings and loan association did not rest upon constitutionally impermissible photographic and lineup identifications. We hold that the district court did not err when it permitted the in-court identification, and affirm appellant's conviction.

On the morning of May 5, 1972, a branch office of the Colonial Federal Savings and Loan Association located in East Detroit, Michigan, was robbed by an armed man wearing sunglasses. The robbery was witnessed by six bank employees, a vice-president and five tellers, and by at least as many customers. Mrs. Wojciechowski, the eyewitness whose testimony is challenged, was the last of five tellers who was compelled to empty the contents of her teller's cage. At the time that she complied with the robber's directions, she stood approximately two feet from him. Further-more, when the robber left the bank, she ran to a window and observed him enter a nearby automobile and drive away. Shortly thereafter she gave the following description of the robber to investigators.

White male, age approximately 30, height 6′, weight 160, build thin, hair dark brown, long and straight to the collar, wearing moustache which was fuzzy and drooped at corner of mouth, clothed in grey raincoat with white hat, possibly a fishing hat or rainhat with band around the crown and narrow brim, wearing hornrimmed sunglasses, carrying a brown paper bag reflecting the words SHOPPERS FAIR in blue letters thereon. Armed with a silver object which appeared to be the gun.

Later that afternoon, the teller was presented with an array of photographs and, when asked if a photograph of the robber was among them, she selected a picture of appellant. The photograph of appellant was substantially larger than the others and was the only one that showed a single pose, contained no law enforcement identification number, and had to be viewed with the longer axis vertical. More importantly, it was the only photograph of a young man with long hair and a drooping mustache. The only other photograph of a man with a mustache portrayed an obviously older person whose mustache did not droop.

About a month after her photographic identification, she was informed by one of her bank colleagues that the police had found "the man" and that she was required to be present at a lineup. At the lineup, according to her testimony, she identified appellant as the robber from a group of ten men with varying physical characteristics. Then to make even more certain that her identification was correct, she requested that all persons in the lineup be compelled to speak because she recalled that the robber had a noticeable speech impediment. It does not appear that she had mentioned this

characteristic in her initial description. When appellant spoke with the same pronounced speech impediment, she confirmed her identification of him as the robber.

At trial, and outside the presence of the jury, Mrs. Wojciechowski testified that her identification of appellant in the lineup was aided by the photograph that she had seen earlier, and that her in-court identification was aided by both of these prior experiences. She testified that she was certain that appellant was the robber. When appellant's counsel objected to the admission of her in-court identification, the district court overruled the objection and stated:

On the question before the Court, the Court would like to first cite the language of the case of Simmons versus United States, 390 U.S. 377 [88 S.Ct. 967, 19 L.Ed.2d 1247], . . . and I quote:

'We hold that each case must be considered on its own facts, and that convictions based on eyewitness identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'

The Court here, having heard the testimony and the arguments, is satisfied that there is no impermissible suggestion with regard to the photographs within the meaning of Simmons. The Court would like to further point out that even if there were, I'm satisfied from the testimony of Mrs. Wojciechowski that the identification at the lineup was independent and positive.

The test as to the propriety of a lineup is whether or not the totality of circumstances gives rise to a very substantial likelihood of irreparable misidentification. Here, though, she did testify that the picture helped in making the identification and that the voice helped. I'm satisfied with her

identification and that these things only helped to cement the identification. I find nothing wrong with the voice identification.

The government presented only one other witness, the bank's vice president. Appellant neither testified nor presented any witnesses on his behalf. The jury, after hearing only the evidence of two of the eyewitnesses, convicted appellant of armed robbery in violation of 18 U.S. C. § 2113(a), (d).

Appellant makes two assignments of error: first, that the district court erred when it did not find that in the totality of circumstances the pretrial identification procedures, particularly the photographic identification, were impermissibly suggestive and created a substantial likelihood of irreparable misidentification; and second, that the district court erred in adopting an "independent basis" test in its decision to allow this eyewitness to make an in-court identification.

Appellant's first assignment of error presents a substantial question because the government's case rested solely on eyewitness identification and because of the recognized dangers inherent in eyewitness identification and the danger of perpetuation of misidentification. The Supreme Court has said that "[r]egardless of how the initial misidentification comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of the subsequent lineup or courtroom identification." Simmons v. United States, 390 U.S. 377, 383–384, 88 S.Ct. 967, 971, 19 L.Ed. 1247 (1968). See also, N. Sobel, "Eye Witness Identification: Legal and Practical Problems" (1972); Levine & Tapp, The Psychology of Criminal Identification: The Gap from Wade to Kirby, 121 Pa.L.Rev. 1079 (1973). At the same time, however, we recognize the importance of expeditiously apprehending persons who may be dangerous. And it is not always possi-

ble for the government to have available an inventory of photographs of persons who may closely resemble the initial description of felons given by eyewitnesses to a crime.

In determining whether the district court erred when it permitted the bank teller to make an in-court identification of appellant, we observe, as did the district judge, that "each case must be considered on its own facts, and that convictions based upon eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, supra, at 384, 88 S.Ct. at 971.

The resolution of this question requires us to examine carefully the composition of the challenged photographic array and its likely effect on the accuracy of this particular witness' identification. We have done so in this case, and as our description of the photographs indicates, we are convinced that any reasonable person, having in hand only the eyewitness' description of the robber would have selected appellant's photograph. This case is in this respect like United States v. Fernandez, 456 F.2d 638 (2d Cir. 1972), where the court held impermissibly suggestive an array of six photographs, five of which pictured dark-skinned Negro males without "Afro" hair styles and one of which pictured a very light-skinned Negro with an "Afro", in a case where a robber of a bank had been described as a light-skinned Negro who wore an "Afro." Accordingly, we agree with appellant that the photographs could have been selected more fairly and that the procedure was suggestive.

Although we believe that the photographic identification procedure was suggestive and without more would have vitiated any subsequent identification based on it, we do not believe that it and the subsequent lineup, when considered in conjunction with all the other circumstances attendant to Mrs. Wojciechowski's ability to identify the robber, created a substantial likelihood that she would thereafter identify appellant irrespective of his guilt. Simmons v. United States, supra; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. In this case, as in Simmons, the robbery took place during the daytime inside an illuminated bank and the robber wore no mask. In both cases there was ample opportunity for the eyewitness to observe the robber. The acuity of the witness' perception is demonstrated by the detailed description she gave shortly after the robbery. Moreover, in both cases, the photographic identification was made while memories were still fresh; the police did not encourage the selection of any particular photograph; and the eyewitness was not influenced in her identification by the choice of other eyewitnesses. The Supreme Court, in Simmons, after considering these factors, determined that there was no substantial likelihood of irreparable misidentification by the eyewitness. And there are additional circumstances that make the likelihood of irreparable misidentification even less substantial in this case. First, appellant has not charged that the lineup that followed the photographic identification was unfairly conducted. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). Second, and more significantly, the basis of appellant's in-court identification was not solely her visual perception of the robber. She also made an auditory perception. The robber, like appellant, had a pronounced speech impediment, and the witness' perception of this characteristic was not affected by the suggestiveness of the photographic display.

In accordance with our determination that the photographic array either by itself or in conjunction with the lineup was not so impermissibly suggestive that it created a substantial likelihood of

irreparable misidentification by Mrs. Wojciechowski, we need not decide whether the "independent basis" test established in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) is applicable in a case of this kind.

Affirmed.